IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MICHAEL MEGILL,                    :
                                   :      K20C-06-021 WLW
                  Plaintiff,       :
                                   :
      v.                           :
                                   :
ATLANTIC STATES INSURANCE          :
COMPANY, a Pennsylvania            :
insurance company,                 :
                                   :
                  Defendant.       :


Submitted: December 23, 2020
Decided: April 13, 2021


ORDER

Upon Plaintiff's Motion for Reargument
*Denied.*


David A. Boswell, Esquire of Hudson Jones Jaywork & Fisher, LLC, Lewes, Delaware; attorney for Plaintiff.

Colin M. Shalk, Esquire of Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware; attorney for Defendant.


WITHAM, R.J.

Before the Court is Plaintiff's, Michael Megill (hereafter "Megill"), Motion for Reargument pertaining to his original complaint filed against Defendant, Atlantic States Insurance Company (hereafter "Atlantic States"). Atlantic States moved to dismiss Count II of that complaint and this Court granted that motion. Megill seeks a reargument pursuant to Superior Court Civil Rule ("SCCR") 59(e). After consideration of the arguments of the parties, this Court DENIES Megill's Motion for Reargument for the following reasons:

## Factual and Procedural Background

On June 17, 2020, Megill filed a complaint against Atlantic States consisting of two Counts. First, Megill alleged that Atlantic States was in breach of contract in relation to an automobile insurance policy which Atlantic States issued to Megill. Second, Megill sought a declaratory judgment from this Court striking a provision from that policy that limited the time for filing an Uninsured/Under Insured Motorist claim (hereafter "UM/UIM").

On July 27, 2020, Atlantic States moved to dismiss Court II of Megill's complaint, and, on December 16, 2020, this Court granted that motion on the grounds that (1) Megill never made a claim for UM/UIM coverage against his policy with Atlantic States and (2) no actual controversy existed with regard to Count II of the complaint.[1] Megill promptly moved for reargument on December 23, 2020.[2] In the motion, Megill ultimately argued that (1) making a demand on the insurance policy prior to reaching maximum medical improvement was premature and that (2) Count II is ripe because there has been no cause of action for Count I. Atlantic States characterizes Megill's arguments raised in the Motion

---

[1] *Michael Megill v. Atlantic States Ins. Co.*, C.A. No. K20C-06-021 at ¶¶14 & 17 (Del. Super. Dec. 16, 2020).

[2] Super. Ct. Civ. R. 59(e). The Rule provides for movants to serve and file for reargument within 5 days of the Court's decision or opinion.

for Reargument as merely not being allowed to make a claim for UM/UIM coverage at a time of his choosing. Ultimately, Megill's Count II of his complaint is moot because he met his policy obligations through Count I of his complaint, and, as such, there is no relief which this Court can grant.

**Standard of Review**

Superior Court Civil Rule 59(e) calls for this Court to grant a Motion for Reargument when "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] Under no circumstances is a Motion for Reargument to be granted on the basis of providing to the movant "an opportunity...to rehash arguments already decided by the Court or to present new arguments not previously raised."[4]

**Discussion**

Megill's contention within his motion appears to rest solely on the notion that this Court's original order from December 16, 2020, "misapprehended the law or facts." Primary in Megill's motion is the assertion that he could not have made a demand against his policy for UM/UIM coverage until after he reached maximum medical improvement. This assertion is implicit in his original complaint. Megill states in his motion that "[i]t is only because Plaintiff required more non-palliative treatment over 2 years after the collision...that Plaintiff was not in a position to submit a discrete demand amount."[5]

Megill originally made the same argument in his complaint and relied on *Flanagan v. Nationwide Ins. Co.*, where this Court determined that the glaring

---

3  *Strong v. Wells Fargo Bank*, 2013 WL 1228028 at *1 (Del. Super. Jan. 3, 2013); citing *Kennedy v. Invacare, Inc.*, 2006 WL 488590 at *1 (Del. Super. Jan. 31, 2006).
4  *Id.*; citations omitted.
5  Pl.'s Motion for Reargument at ¶3.

difference of issues in *Flanagan* as compared to Megill's situation was that the Plaintiffs in *Flanagan* first made a claim for UM/UIM coverage against their policy.[6] As this Court stated in its December 16, 2020 Order, Megill's actions upon exhausting the tortfeasor's liability insurance coverage was to ask Atlantic States for a waiver to the 2-year limitations period in the policy provisions and then to file a complaint against Atlantic States when no waiver was granted.[7]

The Court did not "misapprehend the law or facts" of this case because this Court understands that it is common practice in the personal injury world to consider a UM/UIM claim ripe *the moment all applicable liability coverage has been exhausted* and not when the policy holder seeking coverage has reached maximum medical improvement.[8] (Emphasis added.) Megill knew prior to the 2-year limitation period that the cost of medical treatment for his injuries was more than the tortfeasor's liability coverage and should have begun the process of opening a claim on his policy upon exhaustion of that liability coverage.

Furthermore, the law in *Flanagan* is very clear: A policy provision that shortens the length of time to make a UM/UIM demand against a policy contrary to the statutory time limitation is against public policy, but there must first be a demand against that policy and a denial by the insurer.[9] Megill did not make a demand and his request for a waiver cannot constitute a demand against his policy.

---

6  *Michael Megill v. Atlantic States Ins. Co.*, C.A. No. K20C-06-021 at ¶12 (Del. Super. Dec. 16, 2020).

7  *Id.* at ¶13.

8  See for instance David Goguen, J.D., "Making an Underinsured or Uninsured Motorist Coverage Claim," https://www.alllaw.com/articles/nolo/auto-accident/insurance-claim-underinsured-uninsured-drivers.html "But once you or your lawyer believe that your case is worth more than the defendant's liability coverage, inform your insurer immediately that you intend to make an underinsured motorist claim."

9  *Michael Megill v. Atlantic States Ins. Co.*, C.A. No. K20C-06-021 at ¶14 (Del. Super. Dec. 16, 2020).

Megill has not carried his burden of showing that this Court's December 16, 2020 Order granting Atlantic State's Motion to Dismiss Count II of Megill's complaint "overlooked or misapprehended the facts or law."[10]

**WHEREFORE**, for the reasons stated above, this Court **DENIES** Plaintiff's Motion for Reargument.

**IT IS SO ORDERED.**

> */s/ William L. Witham, Jr.*
> Resident Judge

WLW/dmh

---

[10] *Tilghman v. Delaware State University*, 2012 WL 5551233 at *3 (Del. Super. Oct. 16, 2012).